

**STATE OF RHODE ISLAND**

**CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD**

| Case Information | | |
|---|---|---|

Case Caption: _____Jean Nsambumuremyi_____ vs. _____University of Rhode Island, by Board Chair Margo L. Cook_____

Federal Court Case No._____1:25-cv-00179_____ State Court Case No._____WC-2025-0102_____

| Record Information | | |
|---|---|---|

Confidential:      Yes ☐      No ☐      Description: _____

Sealed documents:      Yes ☐      No ☐      Description: _____

| Certification | | |
|---|---|---|

I, _____Brenden T. Oates_____, Clerk of the Rhode Island Superior Court for the County

of _____Washington_____ , do certify that the attached documents are all the

documents included in the record in the above referenced case.

Date: April 30, 2025

Clerk:

/s/_____*Brenden T. Oates*_____

Prepared by:

_____Brenden T. Oates_____

WASHINGTON COUNTY SUPERIOR COURT
# SC DOCKET SHEET
## CASE NO. WC-2025-0102

| | | |
|---|---|---|
| Jean Nsambumuremyi | § | Location: **Washington County Superior Court** |
| v. | § | |
| **University of Rhode Island, by Board Chair Margo L. Cook** | § | Filed on: **02/19/2025** |
| | § | US District Court Case Number: **1:25-cv-00179** |

---

### CASE INFORMATION

**Statistical Closures**
04/30/2025    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **04/30/2025   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number          WC-2025-0102 |
| | Court                Washington County Superior Court |
| | Date Assigned        02/19/2025 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Nsambumuremyi, Jean** | **DEYOE, SONJA L.** *Retained* 4018645877 x000(W) |
| **Defendant** | **University of Rhode Island, by Board Chair Margo L. Cook** | **OLIVERIO, MATTHEW T.** *Retained* 4018612900 x101(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 04/30/2025 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 04/30/2025 | Case Removed to US District Court |
| 04/23/2025 | Notice of Removal *Notice of Removal* |
| 04/21/2025 | Stipulation Filed Extension of Time *Stipulation for Enlargement of Time* |
| 04/21/2025 | Entry of Appearance *Entry of Appearance* |
| 04/21/2025 | Entry of Appearance *Entry of Appearance* |
| 04/16/2025 | Summons Returned Served *ROS-URI* |
| 02/20/2025 | Summons |
| 02/19/2025 | Complaint Filed *Complaint with Jury Demand* |

*Printed on 04/30/2025 at 2:16 PM*

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/23/2025 9:48 AM
Envelope: 5096772
Reviewer: Emily M.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 3 of 27 PageID #: 22

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC

| | | |
|---|---|---|
| JEAN D. NSABUMUREMYI, | : | |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | C.A. No. WC-2025-0102 |
| | : | |
| UNIVERISTY OF RHODE ISLAND, by | : | |
| and through its Board Chair, in her official | : | |
| capacity only, Margo L. Cook | : | |
| *Defendant.* | : | |

## <u>NOTICE OF REMOVAL</u>

To:    Jean D. Nsabumuremyi
        By and through his Counsel of Record
        Sonja L. Deyoe, Esquire
        Law Offices of Sonja L. Deyoe
        395 Smith Street
        Providence, RI 02908
        SLD@the-stratight-shooter.com

      Please take notice that on the 23rd day April 2025 this action was removed from the

Washington County Superior Court in the State of Rhode Island, to the United States District

Court for the District of Rhode Island. A copy of the Petition for Removal filed in the United

States District Court is attached hereto as *Exhibit A*.

                                     Defendant,
                                       University of Rhode Island,
                                       by and through its Board Chair, in her official
                                       capacity only, Margo L. Cook,
                                       By its Attorneys,

                                       */s/ Matthew T. Oliverio*
                                       Matthew T. Oliverio, Esquire (#3372)
                                       Gina Renzulli Lemay, Esquire (#7405)
                                       OLIVERIO & MARCACCIO LLP
                                       30 Romano Vineyard Way, Suite 109
                                       North Kingstown, RI 02852
                                       (401) 861-2900
                                       (401) 861-2922 Fax
                                       mto@om-rilaw.com
                                       grl@om-rilaw.com

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/23/2025 9:48 AM
Envelope: 5096772
Reviewer: Emily M.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 4 of 27 PageID #: 23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of April 2025, I filed and served this document through the electronic filing system on the following:

Sonja L. Deyoe, Esquire
SLD@the-straight-shooter.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary Electronic Filing System.

*/s/ Nadine Hendrickson, Legal Assistant*

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/23/2025 9:48 AM
Envelope: 5096772
Reviewer: Emily M.

Case 1:25-cv-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 5 of 27 PageID #: 24

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JEAN D. NSABUMUREMYI | : | |
| *Plaintiff* | : | |
| | : | |
| VS. | : | C.A. No. |
| | : | |
| UNIVERSITY OF RHODE ISLAND, by | : | |
| and through its Board Chair, in her | : | |
| Official Capacity, Margo L. Cook | : | |
| *Defendant* | : | |

## **PETITION FOR REMOVAL**

Now comes Defendant, University of Rhode Island, by and through its Board Chair, in her Official Capacity, Margo L. Cook and hereby files this Petition for Removal for the purpose of removing this matter from Washington County Superior Court to the United States District Court for the District of Rhode Island.  Defendant hereby states as follows:

1.    <u>State Court Action</u>.  Plaintiff, Jean D. Nsabumuremyi initiated this civil action in the Washington County Superior Court on or about February 19, 2025.

2.    <u>Federal Jurisdiction</u>.  As set forth in the Complaint, Plaintiff alleges that Defendant has unlawfully discriminated against him based on his race in violation of Title VII, and that Defendant has retaliated against Plaintiff for his complaints of discrimination based on his race, color and national origin also in violation of Title VII.  Accordingly, this Court has original jurisdiction over this matter based upon a federal question pursuant to 28 U.S.C. § 1331, and the above-referenced civil action is one that may be removed pursuant to 28 U.S.C. § 1441(a).

3.    <u>Timeliness of Removal Petition</u>.  This action was filed on or about February 19, 2025 and a copy of the complaint and summons was served upon Defendant on or about April 16, 2025.  Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/23/2025 9:48 AM
Envelope: 5096772
Reviewer: Emily M.

Case 1:25-cv-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 7 of 27 PageID #: 26

4.    <u>Relief Requested</u>.  Defendant respectfully requests that the United States District Court for the District of Rhode Island accept this Petition for Removal and that it assumes jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Defendant,
University of Rhode Island,
by and through its Board Chair, in her official
capacity only, Margo L. Cook,
By its Attorneys,


 /s/ Matthew T. Oliverio
Matthew T. Oliverio, Esquire (#3372)
Gina Renzulli Lemay, Esquire (#7405)
OLIVERIO & MARCACCIO LLP
30 Romano Vineyard Way, Suite 109
North Kingstown, RI 02852
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com
grl@om-rilaw.com

Dated:  April 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island on the 23rd day of April 2025 and is available for viewing and downloading from the Electronic Case Filing system.  A copy of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as nonregistered participants.


 /s/ Matthew T. Oliverio

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/21/2025 3:18 PM
Envelope: 5093903
Reviewer: Emily M.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 8 of 27 PageID #: 27

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC

JEAN D. NSABUMUREMYI,          :
    *Plaintiff,*                     :
                                   :
vs.                            :          C.A. No. WC-2025-0102
                                   :
UNIVERISTY OF RHODE ISLAND, by :
and through its Board Chair, in her official :
capacity only, Margo L. Cook  :
    *Defendant.*                    :

## STIPULATION FOR ENLARGEMENT OF TIME

    The time within which Defendant, University of Rhode Island, by and through its Board

Chair, in her official capacity only, Margo L. Cook, may answer or otherwise responsively plead

to the Complaint in this matter is hereby extended up to and including June 5, 2025.


Plaintiff,                                 Defendant,
Jean D. Nsabumuremyi                       University of Rhode Island, by and through
By His Attorney,                           its Board Chair, in her official capacity only,
                                           Margo L. Cook,
                                           By its Attorneys,


  */s/ Sonja L. Deyoe*                         */s/ Gina Renzulli Lemay*
Sonja L. Deyoe, Esquire (#6301)            Matthew T. Oliverio, Esquire (#3372)
Law Offices of Sonja L. Deyoe             Gina Renzulli Lemay, Esquire (#7405)
395 Smith Street                          OLIVERIO & MARCACCIO LLP
Providence, RI 02903                      30 Romano Vineyard Way, Suite 109
Providence, RI 02903                      North Kingstown, RI 02852
(401) 864-5877                            (401) 861-2900
(401) 354-7464 Fax                        (401) 861-2922 Fax
SLD@the-straight-shooter.com              mto@om-rilaw.com
                                          grl@om-rilaw.com

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/21/2025 3:18 PM
Envelope: 5093903
Reviewer: Emily M.

Case 1:25-cv-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 9 of 27 PageID #: 28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of April 2025, I filed and served this document through the electronic filing system on the following:

Sonja L. Deyoe, Esquire
SLD@the-straight-shooter.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary Electronic Filing System.

*/s/ Nadine Hendrickson, Legal Assistant*

# STATE OF RHODE ISLAND JUDICIARY

☐ SUPREME COURT    ☐ SUPERIOR COURT    ☐ FAMILY COURT    ☐ DISTRICT COURT

☐ Providence/Bristol County or Sixth Division    ☐ Washington County or Fourth Division
☐ Kent County or Third Division    ☐ Newport County or Second Division

| Plaintiff | **Civil Action File Number** |
|---|---|
| **Defendant** | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
_____.

/s/ _____    _____
   Attorney Name or Self-represented Litigant    Rhode Island Bar Number

_____
Address

_____    _____
Telephone Number    Cell Telephone Number

_____
Email Address

_____
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the _____ day of _____, 20_____:
☐ I filed and served this document through the electronic filing system on the following parties:
_____.
The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____
at the following address _____.

/s/ _____
   Name

CC-11 (revised July 2023)

# STATE OF RHODE ISLAND JUDICIARY

☐ SUPREME COURT      ☐ SUPERIOR COURT      ☐ FAMILY COURT      ☐ DISTRICT COURT

☐ Providence/Bristol County or Sixth Division    ☐ Washington County or Fourth Division
☐ Kent County or Third Division  ☐ Newport County or Second Division

| Plaintiff | Civil Action File Number |
|---|---|
| Defendant | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent
_____.

/s/ _____       _____
    Attorney Name or Self-represented Litigant       Rhode Island Bar Number

_____
Address

_____       _____
Telephone Number       Cell Telephone Number

_____
Email Address

_____
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the _____ day of _____, 20____:
☐ I filed and served this document through the electronic filing system on the following parties:
_____.
The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____
at the following address _____.

/s/ _____
    Name

CC-11 (revised July 2023)

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/16/2025 11:29 AM
Envelope: 5088251
Reviewer: Emily M.

CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 12 of 27 PageID #: 31



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

|  | **Civil Action File Number**<br>WC-2025-0102 |
|---|---|
| **Plaintiff**<br>Jean Nsambumuremyi<br>v.<br>University of Rhode Island, by Board Chair<br>Margo L. Cook<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI 02908 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>45 Upper College Road<br>Kingston RI 02881 |

**TO THE DEFENDANT, University Of Rhode Island, By Board Chair Margo L. Cook:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 2/20/2025. | /s/ Brenden Oates<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Jean Nsambumuremyi | WC-2025-0102 |
| v. | |
| University of Rhode Island, by Board Chair Margo L. Cook | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, University of Rhode Island, by Board Chair Margo L. Cook, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.      *4-16-25 9:35*
Name of authorized agent X *Robin Cawley   Robin Cawley - Legal Assistant*
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____ *Authorized to accept for Margo L. Cook* _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 4/16/2025 11:29 AM
Envelope: 5088251
Reviewer: Emily M.

CV-00179-MSM-PAS     Document 4     Filed 04/30/25     Page 14 of 27 PageID #: 33



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given
   as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: 4 / 16 / 25 | SERVICE FEE $ 45 |
|---|---|
| Month     Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

<span style="color:red">Anthony Cappalli #157</span>

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2025-0102 |
| **Plaintiff**<br>Jean Nsambumuremyi<br><br>  v.<br><br>University of Rhode Island, by Board Chair<br>Margo L. Cook<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI  02908 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>45 Upper College Road<br>Kingston RI  02881 |

**TO THE DEFENDANT, University Of Rhode Island, By Board Chair Margo L. Cook:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 2/20/2025. | /s/ Brenden Oates<br>Clerk |

Witness the seal/watermark of the Superior Court



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Jean Nsambumuremyi<br> v.<br>University of Rhode Island, by Board Chair Margo L. Cook<br>**Defendant** | **Civil Action File Number**<br>WC-2025-0102 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, University of Rhode Island, by Board Chair Margo L. Cook, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: ____ / ____ / _____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 18 of 27 PageID #: 37

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, S.C.

Jean Damascene Nsabumuremyi

v.

University of Rhode Island,
by and through its Board Chair,
in their official capacity only, Margo L. Cook.

## COMPLAINT.

1.      Plaintiff, Jean Damascene Nsabumuremyi, is s resident of the State of Rhode Island, Town of Narraganset, County of Washington at all times relevant hereto.

2.      The Defendant University of Rhode Island, is sued by and through its board chair, Margo L. Cook, in her official capacity only.

3.      The Defendant University of Rhode Island ("URI") employed the Plaintiff as its Director of Multicultural Student Services Center (MSSC Director).

4.      Plaintiff is an African who emigrated from Rwanda, who in the common use of this culture, would be considered black.

5.      Since the Plaintiff began working for URI in 2021 and he has had problems with his subordinate, deputy director Robert Britto-Oliveria who is of Portuguese and Cape Verdean decent who has has been intentionally undermining my work.

6.      Since Plaintiff's first meeting with Britto-Oliveria in September 2021, Britto-Oliveira has been oppositional to Plaintiff. Upon meeting him, he gave Plaintiff the impression that Plaintiff was not his choice for this position.

7.      During Plaintiff's first meeting with Britto-Oliveira, Britto-Oliveiria attempted to intimidate plaintiff by talking about his unethical exploits and how he got rid of George Gallien the former MSSC Director and other Black employees.

8.      Plaintiff later realized Britto-Oliveria was very close with Dr. Kathy Collins the former Vice President for students who Plaintiff reported to, therefore, Mr. Britto-Oliveira was empowered to do and say as he chooses with the utmost disrespect and impunity.

9.      Plaintiff attempted to mediate this issues with Britto-Oliveria.

10.     During their mediation with Denise Gorenski, the union representative, Britto-Oliveira plainly explained in Plaintiff's presence that he (Britto-Oliveira) was against the decision to hire Plaintiff.

1

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

Case 1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 19 of 27 PageID #: 38

11.     Mr. Britto-Oliveira was very forthcoming about the power he felt he had at the University of Rhode Island (URI), and that he believed he possessed control of the trajectory of the MSSC.

12.     During a one on one meeting Mr. Britto-Oliveira was uninhibited and let Plaintiff know that he has the power to mobilize students to push staff and directors out of the MSSC and the CED office.

13.     Britto-Oliveira's boastful threats continued, as he further explained that he believed that his aunt, Karoline Oliveira was the person who should have been hired instead of George Gallien (also a Black undermined MSSC Director) who served before Plaintiff

14.     Upon hearing all of this, Plaintiff was very concerned not only about the work that was ahead of him, but about trying to manage a subordinate who made it clear that he did not want Plaintiff in his position, and had the support of the VP and CDO, and who let it be known that he had power and connections to push Plaintiff out.

15.     During Plaintiff's first months at the University Britto-Oliveira led a search committee to hire a Coordinator for the MSSC.

16.     Plaintiff wanted to meet the finalists before an official offer was made to hire someone.

17.     Britto-Oliveira refused to schedule an appointment for Plaintiff to meet with the candidates and instead sent Plaintiff an email with his recommendation for who to hire.

18.     In the email, Britto-Oliveira copied all the search committees, which included Plaintiff's current supervisor, AVP Michelle Fontes.

19.     He, and others he instigated, then falsely accused Plaintiff of hijacking the search process.

20.     The chain of emails was accusatory and demanded that Plaintiff make the selection as soon as possible.

21.     Only then did Mr. Bobby Britto-Oliveira share the names of the candidates and request that Plaintiff contact them.

22.     Plaintiff scheduled a Zoom meeting with each candidate.

23.     After Plaintiff met with the finalists, Plaintiff felt that there was another candidate who was more qualified for the position.

24.     Plaintiff explained to Britto-Oliveira that this candidate was more qualified and would add to the diversity of our team, additionally this candidate is Native American.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

Case 1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 20 of 27 PageID #: 39

25.    Plaintiff also expressed to the Affirmative Action office that it was astonishing to him how a group of exclusively Cape Verdean individuals who are of African/Portuguese descent on the committee, brazenly selected another person of a similar African/Portuguese with their ethnic background, while ignoring the exceptional Native American person who had substantial experience.

26.    Plaintiff thereafter  met with his Supervisor, Dr. Kathy Collins, to explain his reasons for wanting to hire the Native American candidate who was the most qualified and the best fit for the MSSC.

27.    Dr. Collins told Plaintiff that several people (including staff and students) had called from unknown numbers threatening to burn down the MSSC, because of Plaintiff's reluctance to hire the less qualified candidate that was handpicked by Mr. Britto-Oliveira.

28.    Carol Pegg, the Executive Administrative Assistant, was there when Plaintiff received the news about threats to burn down the MSSC, because of his decision to hire a Native American and not hire the less qualified candidate picked by Mr. Oliveira and who had the same Portuguese/Cape Verdean ethnicity as Mr. Britto-Oliveira.

29.    Dr. Kathy Collins asked Ms. Carol Pegg to clarify how many calls were received, and Pegg clarified the phone calls to be five threatening calls.

30.    Dr. Collins and Plaintiff had a meeting that lasted for an hour in her office.

31.    Plaintiff explained that it would be necessary to investigate who had made these threats and stop this kind of behavior.

32.    Dr. Kathy Collins brushed it off and stated, "that blacks here feed on each other and eat their own at URI..."

33.    Dr. Collins literally made it clear that there was little she could do about it even though it was her office who could control the situation and request an investigation of the threats.

34.    Plaintiff was new at URI and mentioned her racist comments to the Dean of Libraries, Several Professors, Chair of Africana Department and Assoc Dean Earl Smith, because it was so bizarre.

35.    Plaintiff was told that generally this is Dr. Collins' mindset about Blacks – so just ignore it until it becomes a problem because you see what they did to Professor Fosu.

36.    In an indirect threatening way, Dr. Collins added that there were some "black" people at URI wrote letters to support the removal of Prof. Louis Fosu where Fosu accused some individuals at the University of racism, so I should be cautious.

37.    Later Plaintiff found out through Asst. Dean Earl Smith that there were no written complaints about Fosu and the letters, Collin referred to but never provided, were orchestrated

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 21 of 27 PageID #: 40

through Dr. Collin's office and their friends associated with the CED office, who Fosu was exposing for discrimination.

38.     When Plaintiff returned on Monday, he changed his decision to support the hiring of the candidate Mr. Oliviera had recommended in an attempt to avoid any further remonstrations.

39.     Plaintiff hoped the decision would show that he was a team-player and that he was taking everyone's input into consideration, even though he knew that the Native American candidate was more qualified and a better fit.

40.     The new President moved Plaintiff's department to CED, and Dr. Mary Grace Almandrez became his new supervisor.

41.     Dr. Almandrez was hands off and gave the impression she did not want to be involved directly.

42.     Dr. Almandrez referred Plaintiff to Anne Marie Vaccaro to mediate the insubordination of Britto-Oliveira.

43.     Anne Marie Vaccaro and her associate met with Plaintiff but recused from mediating the conflict because they knew Mr. Oliviera.

44.     The nomination of Michelle Fontes as the then new Assistant Vice President for CED has made it obvious that Fontes is working with Britto-Oliveira to target Plaintiff.

45.     Ms. Fontes  is also Cape Verdean/Portuguese.

46.     Before officially starting in her new role, Plaintiff and Ms. Fontes met in the URI President's office to discuss a project to correct the misquote by Malcom X the Civil Rights Leader on URI library.

47.     Mary Grace had left Plaintiff in charge of this project.

48.     Plaintiff sent out an email to the URI Communication team as was requested by Dr. Rogers and the people present in the meeting.

49.     Plaintiff included Michelle Fontes to keep her in the loop.

50.     She responded by accusing Plaintiff of using a demanding tone in his email on April 21st, 2022.

51.     Plaintiff asked the Dean of Library, Karim Boughida, who was also copied if there was anything wrong with his communication style. Dean Karim said there was nothing wrong with his email and he should ignore any confrontation.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 22 of 27 PageID #: 41

52.     These false accusations and harassment were a strategy to undermine Plaintiff's credibility and support Britto-Oliveira's goal of eventually forcing Plaintiff out of the MSSC Director position—as he has confidently stated he has previously orchestrated to remove other Blacks.

53.     After Michelle Fontes officially started in her new position, she demanded that she meet with Plaintiff's staff monthly.

54.     When Plaintiff questioned her about it, suggesting that it will negatively impact his ability to do his job and make it difficult for his team to follow his direction if she is the one conducting our staff meetings.

55.     The decision to have these monthly meetings was a deliberate move to undermine Plaintiff's authority as director, stigmatize him as uncooperative and finally remove him; thereby, hoping to advance Mr. Oliveira.

56.     Michelle Fontes also scheduled weekly meetings with Plaintiff while conducting bi-weekly meetings with the other director.

57.     Previously, the CED office asked for Plaintiff's availability before scheduling meetings, but with Ms. Fontes, Eileen Orabone began automatically putting those weekly meetings on the calendar without checking Plaintiff's availability.

58.     The meetings with Michelle Fontes conflicted with Plaintiff's other meetings.

59.     When Plaintiff asked Dr. Anne Russo if Michelle Fontes was scheduling meetings for the department without first contacting her, she informed Plaintiff that Michelle never put meetings on her calendar without asking her.

60.     Michelle Fontes also asked Plaintiff for SMART goals that she never asked for them from Dr. Annie Russo who is similarly situated to me in position.

61.     This disparate treatment, continuous bullying and harassment, discriminatory and disparate treatment are a central problem Plaintiff faces at URI.

62.     Because he is black and an immigrant, Plaintiff is being denied equal, respectful, treatment at URI, and is being deliberately bullied, harassed, and defamed by an insubordinate assistant director Britto-Oliveira with tacit support from Plaintiff's supervisor Michelle Fontes.

63.     When Michelle Fontes started in her position, Plaintiff was working on a project to improve the conditions of MSSC and make it more welcoming.

64.     In his project, Plaintiff included having a writing in the lobby that display his mission to reach out to Hispanic, Black/Africans, Arabs Americans, Asian/Pacific Islander American, and Native American. Plaintiff was working with URI communication to complete this task.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

5-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 23 of 27 PageID #: 42

65.     When she learned of the project, Michelle Fontes questions his motive and asked Plaintiff if students gave him permission to do the project. This involved a similar rhetoric that Britto-Oliveira had used to undermine Plaintiff's work.

66.     On June 14, 2022, Michelle Fontes, very disrespectfully and sarcastically, mentioned that Plaintiff had an accent. This was the second time she commented on his communication.

67.     Very disturbed and hurt, Plaintiff called his friends and told them this was shocking and unprofessional behavior at URI – and from our Diversity Officer.

68.     Plaintiff has worked at several universities and has never been abused in this racist manner because of his national origin and race.

69.     What Michelle Fontes said to Plaintiff was dehumanizing and racist, but it also violates the Equal Protection clause and violates URI's nondiscriminatory policy.

70.     Plaintiff has additionally explained several times to Michelle Fontes in his one-on-one conversations and reports that the behavior of Britto-Oliveira affects productivity and morale in the center.

71.     Instead of taking steps to end his insubordination and blatantly racist actions, Michelle Fontes protects Britto-Oliveira by rationalizing his disrespectful behavior and turns his actions around to blame Plaintiff.

72.     Ms. Fontes mentioned that Britto-Oliveira is documenting everything Plaintiff does and that is another indirect threat to Plaintiff who is doing nothing wrong.

73.     When Plaintiff brought up the issues of Britto-Oliveira not showing up in the office and working from home, Ms. Fontes brushed it off and asked why Plaintiff was approving his time, instead of addressing Plaintiff's serious concerns about Britto-Oliveira not showing up for work.

74.     Plaintiff stated that Britto-Oliveira needed to be in the office starting September 1, 2022.

75.     Since Michelle Fontes started in her position, Britto-Oliveira's insubordination has been worse, he is determined to push Plaintiff out with her latent support.

76.     In Plaintiff's weekly staff meetings, Britto-Oliveira mentioned that he met with Michelle Fontes to talk about MSSC—which Ms. Fontes knows undermines Plaintiff's authority as Director, and it is deliberate bullying to sabotage his success as Director of MSSC.

77.     When Plaintiff questioned Britto-Oliveira's work schedule timesheet, Britto-Oliveira used Ms. Fontes as a witness for his work. She is not his supervisor and cannot witness his work.

78.      Plaintiff asked Bobby Britto-Oliveira to change his time sheet on August 26, 2022, because he was adding overtime hours while not working from the office.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 24 of 27 PageID #: 43

79.     That afternoon Plaintiff received an "unknown" call telling him that they have a petition about MSSC in Providence.

80.     A few minutes later Plaintiff received a second call threatening his life.

81.     Plaintiff sent emails to HR and the URI police opened a case and are investigated it, this is unacceptable racist conduct and insubordination.

82.     Both of these calls were determined to be from a phone owned by Britto-Oliveira. The university never investigated the calls threatening to burn the MSSC and my office.

83.     To further harass and undermine his authority as Director, Bobby Britto-Oliveira has shared emails where he claims to do Plaintiff MSSC Director's job with Ms. Fontes on the same email.

84.     Ms. Fontes and University are silent about this Britto-Oliveira insubordination.

85.     In another move to undermine Plaintiff, Ms. Fontes approved Britto-Oliveira request to send her a monthly report instead of Plaintiff.

86.     Plaintiff asked Michelle why she was requesting and receiving reports monthly from his deputy.

87.     The response was that Ms. Fontes sent Plaintiff an email telling him to let Britto-Oliveira work remotely because he received approval from Anne Marie Coleman; this was done without any consultation with Plaintiff and without his approval after Plaintiff had told Britto-Oliveira to be in the office.

88.     These are all deliberate steps to bully Plaintiff in the workplace, as an immigrant African male, by undermining his authority and then frustrating Plaintiff to get him to quit or in support of their mission to concoct pretext to fire him eventually.

89.     As a survivor of the Rwandan genocide, Plaintiff, like so many, has suffered greatly but had managed to overcome his suffering for many years, but the racist, hurtful, and harmful treatment that he received and continues to receive at his workplace is causing him an unbearable amount of emotional distress.

90.     Plaintiff filed a complaint with the University EEOO and still Britto-Oliveira continues to defame him. Recently, one Britto-Oliveira's witnesses, Mr. Chuck Watson, came in office insulting Plaintiff claiming that he should not have reported what happened because it is a black-to-black crime.

91.     Plaintiff has repeatedly explained to the university officials that he is am concerned about his safety since he knows that threating calls came from Britto-Oliveira's cellphone, but the University has done nothing.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 25 of 27 PageID #:
44

92.    Plaintiff filed a complaint with the Rhode Island Commission for Human Rights and EEOC and received a right to sue within ninety days of this filing.

## COUNT I.
## RACED BASED DISCRIMINATION
## HOSTILE WORK ENVIRONMENT
Title VII, FEPA and RICRA

93.    The allegations in the previous paragraph are hereby realleged and incorporated by reference.

94.    For the reasons discussed above, Defendant's conduct constitutes racially motivated and unlawful discrimination under R.I.G.L. § 42-112-1 (RICRA), Title VII and R.I.G.L. 28-5-1 et seq (FEPA).

95.    The fact that Plaintiff is Black and of Rwandan origin was a motivating factor in the hostile environment and retaliation that he suffered at the hands of Defendant.

96.    At all relevant times, Plaintiff was subjected to race, color, and/or national origin based discriminatory conduct with the purpose or effect of unreasonably interfering with his work performance or creating an intimidating, hostile or offensive work environment for the reasons set forth herein.

97.    Said discriminatory conduct resulted in Plaintiff having to endure working conditions that are both objectively and subjectively offensive.

98.    Defendant's failure to follow its own policies and procedures relative to unlawful discrimination, harassment, retaliation, and progressive discipline further supports an inference of discriminatory intent.

## COUNT II.
## RETALIATION
## TITLE VII, RI FEPA AND RICRA

99.    At all relevant times, Plaintiff complained to Defendant and his superiors about unequal treatment and specifically raised race/color/national origin-based discrimination regarding the terms of his employment and his treatment in the workplace.

100.    Under R.I.G.L. § 42-112-1 (RICRA), Title VII and R.I.G.L. 28-5-1 et seq (FEPA).

101.    Plaintiff is expressly protected from retaliatory conduct by an employer for voicing his concerns of ongoing discrimination.

102.    When Plaintiff reported what he believed to by race, color, and/or national origin discrimination, to include the threatening calls he received, he was engaged in a protected activity.

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

2:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 26 of 27 PageID #: 45

103.    Shortly after engaging in the above-mentioned protected activity, Defendant entered into a concerted effort to retaliate and intimidate Plaintiff as explained above for the purpose of ensuring that Plaintiff did not speak up in the future or driving Plaintiff to quit.

104.    The conduct engaged in by Defendant to intimidate and threaten Plaintiff, including removing his authority, and refusing investigate the threatening calls he continued to receive or discipline his subordinate, and act to mediate the ongoing hostile environment, constitutes actionable retaliation because they were materially adverse actions sufficient to dissuade workers from engaging in protected conduct.

105.    As a result of the Defendant's conduct, Plaintiff has suffered equitable and compensatory damages, including, but not limited to pain and suffering, emotional distress, loss of enjoyment of life, medical bills and damages, humiliation, damage to his professional and personal reputation, and other great harm as a result of being discriminated/retaliated against by Defendant in the manner alleged herein.


WHEREFORE, Plaintiff seeks judgment against the Defendant as set forth below:

1.    For mental and emotional distress, and medical expenses, if any;

2.    Attorney's fees and cost as is required and allowed by the Acts;

3.    Punitive damages for the discrimination Plaintiff suffered, the hostile environment that was created for him, and for the willful retaliation she suffered which were deliberate and calculated in nature, and

4.    Such other relief as the court may award.

Plaintiff,
By his attorney,

/s/ Sonja L Deyoe
Sonja L. Deyoe, Esq. 6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
(401) 354-7464 (fax)
SLD@the-straight-shooter.com

Case Number: WC-2025-0102
Filed in Washington County Superior Court
Submitted: 2/19/2025 7:14 PM
Envelope: 5010365
Reviewer: Christine F.

Case 1:25-CV-00179-MSM-PAS    Document 4    Filed 04/30/25    Page 27 of 27 PageID #: 46

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, S.C.

Jean Damascene Nsabumuremyi

v.

University of Rhode Island,
by and through its Board Chair,
in their official capacity only, Margo L. Cook.

## JURY DEMAND

Plaintiff hereby demands jury trial on all counts so triable.

Plaintiff,
By his attorney,

/s/ Sonja L Deyoe
Sonja L. Deyoe, Esq. 6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
(401) 354-7464 (fax)
SLD@the-straight-shooter.com