UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEAN D. NSABUMUREMYI,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No. 25-179MSM |
| | : |
| UNIVERSITY OF RHODE ISLAND, by and through<br>its Board Chair, in their Official Capacity only,<br>Margo L. Cook,<br>    Defendant. | :<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are Plaintiff's motion for continuance and extension of discovery deadlines (ECF No. 14) and Defendant's motion to compel Plaintiff to provide initial disclosures and responses to propounded discovery requests (ECF No. 16). For the reasons that follow, both motions are granted in part and denied in part.

**I.     Background**

With the assistance of legal counsel, well more than a year ago, Plaintiff filed these serious claims of race-based employment discrimination and retaliation against Defendant in Washington County Superior Court. Following removal, a motion to dismiss that was denied without prejudice and the filing of an amended complaint, Plaintiff's initial disclosures became due in the fall of 2025,[1] yet, despite still being represented by legal counsel, Plaintiff provided nothing. On September 30, 2025, Defendant propounded interrogatories and document requests, with responses due on October 30, 2025. ECF No. 16 at 2. Instead of responding, Plaintiff's attorney procured a thirty-day extension, and, on October 30, 2025, moved to withdraw based on

---

[1] The precise deadline is not in the record, except that the Court has been advised that Defendant's Initial Disclosures were provided to Plaintiff on October 2, 2025.

"a complete breakdown of the attorney client relationship"; in the motion to withdraw, counsel advised the Court that Plaintiff had been informed that his interrogatory responses and document production were due by November 29, 2025.  ECF No. 10 at 2.  After waiting out Plaintiff's time to object to his legal counsel's motion to withdraw (he did not object), the Court granted the motion to withdraw and Plaintiff became *pro se*.  Text Order of Nov. 18, 2025.  Confirming his entry of appearance as a *pro se* litigant, Plaintiff promptly filed, and the Court promptly granted, a motion to extend all deadlines in the pretrial order and his deadline for responding to the pending discovery by thirty days (setting his discovery response due date as December 29, 2025).  See ECF No. 13; Text Order of Nov. 24, 2025.  As reasons, Plaintiff advised that he had just returned (as of November 12, 2025) from a six-week medical leave and was looking to engage a new attorney.  ECF No. 13.

On January 12, 2026, Defendant requested a discovery dispute conference based on Plaintiff's ongoing failure to comply with any of his discovery obligations; the conference was scheduled for January 23, 2026.  Shortly before the conference, Plaintiff filed yet another motion to extend deadlines; this one sought an open-ended extension, with no request for specific dates.  ECF No. 14.  As grounds, Plaintiff vaguely alluded to "medical conditions" and his still ongoing "efforts to secure counsel."  Id. at 2.  During the January 23, 2026, conference, the Court firmly advised Plaintiff of his duty to comply diligently with his discovery obligations, that his failure to provide discovery put him at risk of dismissal of the case, as well as that his failure to comply with this duty has already caused a significant delay that has and will continue to impose prejudice on Defendant.  With no commitment from Plaintiff to comply with his discovery obligations by a date certain, the Court declined to rule – one way or the other – on Plaintiff's most recent motion to extend all deadlines and issued the following notice:

> Notice of Termination of Discovery Dispute Conference: Based on the conference held on January 23, 2026, the Court has given leave to Defendant to proceed with discovery motion(s), including without limitation, motion to compel. Further, for now, the referred and fully briefed motion of Plaintiff for continuance and extension of discovery deadlines [ECF No.] 14 shall remain under advisement, although the Court may rule on it at any time.

Notice of Jan. 23, 2026.

As of the filing of Defendant's now-pending motion to compel, Plaintiff had still produced nothing. However, on February 3, 2026, one month before the close of fact discovery and less than a week before his objection to the motion to compel was due, Plaintiff (for the first time) provided initial disclosures, answers to some interrogatories, objections to the remaining interrogatories,[2] nineteen documents and a representation that he would provide the remaining documents on a rolling basis with no advisory regarding when this production would be complete. ECF Nos. 17-18. Based on this incomplete compliance, Plaintiff argues that Defendant's motion to compel should be denied as moot. Defendant's response, which the Court finds to be persuasive, counters that significant interrogatories remain unanswered, now shielded by legally insufficient objections, and that most of the responsive documents remain outstanding.

## II. Analysis and Ruling

After a claimant's legal counsel is allowed to withdraw, the law requires that the *pro se* plaintiff <u>must</u> respond to discovery requests from the defendant and generally carry out any other duties and responsibilities related to the litigation <u>with all diligence</u>. <u>Lynch v. Novant Med. Grp., Inc.</u>, Civil No. 3:08CV340-MR-DSC, 2009 WL 1259271, at *1-2 (W.D.N.C. May 5, 2009); see <u>Severe v. Geovera Ins. Co.</u>, Case No. 6:22-cv-1178-PGB-LHP, 2023 WL 2351662, at

---

[2] Plaintiff objected to Interrogatories 12 to 25 for an array of reasons and provided no answers, including based on the erroneous and improper objection that the set exceeds the number of interrogatories (twenty-five) permitted by Fed. R. Civ. P. 33(a)(1).

3

*1 (M.D. Fla. Mar. 3, 2023) (plaintiff's *pro se* status does not absolve her from duty to litigate case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules and Federal Rules of Civil Procedure). If a claimant fails to discharge this duty, he risks sanctions that can include paying the opposing party's fees and costs and may also include dismissal of the lawsuit with prejudice. Lynch, 2009 WL 1259271, at *1-2.

In this case, the Court is very troubled by the pattern of delay since the filing of the case over a year ago, both while Plaintiff was represented and since he became *pro se*. Focusing on what is now in issue, the Court has carefully reviewed Plaintiff's objections to Interrogatories 12 to 25 and overrules all of them, except that the timing of Plaintiff's duty to make his expert disclosure (Interrogatory 25) is governed by the Court's pretrial scheduling order. Further, to the extent that Plaintiff has withheld responsive information and documents because they contain privileged and confidential medical information, the Court overrules the objection but also orders that all such confidential medical information and documents must be produced with access limited to Defendant's attorneys, their staff, in-house attorneys and experts, as well as with use restricted to this case. The Court further finds that Plaintiff's medical justification for his failure to comply with his duty as a plaintiff to respond diligently to discovery (ECF No. 17-2) impacted only a short period in the fall of 2025 and does not provide good cause to justify the balance of the substantial delay caused by Plaintiff's conduct.[3] Based on the foregoing, the Court orders that Plaintiff must complete compliance with all pending discovery (including the providing of

---

[3] Based on Plaintiff's filings and his appearance before the Court during the discovery dispute conference, the Court finds that he is well qualified to conduct this litigation and diligently discharge his duties as a *pro se* litigant.

complete answers to Interrogatories 12 to 25[4] and the complete production of documents) by March 20, 2026.

With discovery finally flowing, the Court is now ready to address Plaintiff's motion to extend pretrial deadlines. ECF No. 14. To the extent that the motion seeks an extension of Plaintiff's obligation to respond to the pending discovery, the motion is denied. To the extent that the motion seeks an extension of the pretrial deadlines, the motion is granted as follows:

Factual Discovery to close by April 10, 2026;

Plaintiff Expert Disclosures shall be made by May 11, 2026;

Defendant Expert Disclosures shall be made by June 15, 2026;

Expert Discovery to close by July 15, 2026; and

Dispositive and other non-discovery motions due by August 17, 2026.

Further extension will not be lightly granted.

### III.   Conclusion

Based on the foregoing, Plaintiff's motion for continuance and extension of discovery deadlines (ECF No. 14) and Defendant's motion to compel Plaintiff to provide initial disclosures and responses to previously-propounded discovery requests (ECF No. 16) are GRANTED IN PART AND DENIED IN PART. The motion to compel is granted to the extent that Plaintiff is ordered to provide complete interrogatory responses to Interrogatories 12 to 25 and to produce all remaining responsive documents on or before March 20, 2026, provided that his expert disclosures are not due until the pretrial scheduling order deadline and confidential medical records must be produced with access and use restricted as described above. The motion to

---

[4] Plaintiff's right to object based on the attorney client privilege or work product doctrine is preserved to the extent that Plaintiff timely complies with the requirement to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

extend deadlines is granted to the extent that Pretrial deadlines shall be reset as set forth above.

Otherwise, the motions are denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 2, 2026